UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CAROL CUTTING, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 1:18-cv-00230-JCN |
| DOWN EAST ORTHOPEDIC ASSOCIATES, P.A., | ) ) ) ) |
| Defendant | ) ) |

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

In November 2016, Plaintiff commenced a medical negligence action in state court against Defendant related to treatment Defendant provided in 2013 (the state court action). As required by Maine law, after Plaintiff filed a notice of claim, the state court action proceeded in accordance with the Maine Health Security Act's Mandatory Prelitigation Screening Panel Process (the panel process) (24 M.R.S. §2852 et seq.).

In this action, Plaintiff alleges medical negligence, including Defendant's failure to obtain a proper informed consent from Plaintiff for surgery, and contends certain rulings made by the panel chair and thus the ultimate decision of the prelitigation screening panel violated her constitutionally-protected due process rights. (Complaint, ECF No. 1.)

Defendant has moved to dismiss Plaintiff's complaint, citing this Court's lack of subject matter jurisdiction. (Motion, ECF No. 10.) After consideration of the parties' arguments, the Court grants the motion to dismiss.

**FACTUAL BACKGROUND**

Plaintiff claims that in 2013, Defendant, through its agent, D. Thompson McGuire, M.D., failed to obtain the proper informed consent for and was otherwise negligent in its

treatment of Plaintiff, which treatment included shoulder surgery. (Complaint, Counts I & II.) In Count III of her complaint, Plaintiff seeks a declaratory judgment that the findings of the state court prelitigation screening panel are inadmissible at trial as the panel process violated her constitutional right to due process. (Complaint at 20.)

To proceed on a state law claim for medical negligence in Maine, a claimant must first present a notice of claim to a malpractice screening panel. *See generally* 24 M.R.S. § 2852; Me. R. Civ. P. 80M. Plaintiff alleges that the conduct of the panel process in her case "violated [her] right to procedural due process under the Fourteenth Amendment to the United States Constitution." (*Id*. ¶ 60.)

In support of her claim for declaratory judgment, Plaintiff asserts that early in the process, the panel chair demonstrated her bias when she referred to Plaintiff's claim as "just a shoulder." (*Id*. ¶ 73.) Plaintiff also contends the panel chair's bias was evident in multiple rulings throughout the process. (*Id*. ¶ 61.)

In advance of the hearing before the panel, Plaintiff filed a motion to preclude Defendant from relying on the testimony of two experts on the same issue (informed consent); Plaintiff argued the use of more than one expert on the same issue violated the applicable rules. (*Id.*) The panel chair denied Plaintiff's motion. Plaintiff also sought to exclude the testimony of one of Defendant's experts because that expert did not practice in the field of orthopedic surgery. (*Id.* ¶¶ 76 – 77.) The panel chair denied Plaintiff's requested relief. (*Id.* ¶ 78.)

Plaintiff further alleges that the panel chair improperly granted Defendant's motion to exclude the testimony of Plaintiff's medical expert witness, and Defendant's motion to exclude evidence regarding Dr. McGuire's history of professional discipline. (*Id.* ¶¶ 84, 87.) Plaintiff also asserts that by permitting Defendant to present the transcript of an expert's deposition in

lieu of the expert's live testimony, the panel chair disregarded Maine Rule of Civil Procedure 80M, the applicable procedural rule, which provides: "The parties shall have the right to examine and cross-examine witnesses." (*Id.* ¶ 79.)

Finally, Plaintiff contends the panel chair impermissibly and unilaterally determined that discriminatory treatment of a patient did not violate the standard of care by concluding that Dr. McGuire's "actions or inactions alone are properly before the panel," and by ignoring whether discriminatory actions could be considered a violation in the standard of care. (*Id.* ¶ 86.)

According to Plaintiff, when the original hearing was postponed due to inclement weather, the panel chair contacted the other panel members to determine whether they believed they had enough information to decide Plaintiff's case on the written submissions; the panel members reported they believed they could decide the case on written submissions. (*Id.* ¶ 63.) The panel chair subsequently advised the parties that it was "up to you both to decide if that's how you wish to proceed. We are also okay with having a hearing." (*Id.* ¶ 64.) The matter proceeded to a hearing and the panel voted unanimously in favor of Defendant.[1] (*Id.* ¶ 96.) Plaintiff asserts the panel chair's suggestion that the matter could proceed without a hearing was contrary to the applicable law and that the panel's apparent assessment of Plaintiff's claim before the hearing violated her due process rights. (*Id.* ¶¶ 70 – 72.)

---

[1] Plaintiff requested a hearing, but also suggested that the case could be decided on briefs if "we can agree in advance that any [jury instruction about the panel process] at trial must make it clear that no hearing was held." (*Id.* ¶ 65.) In response, the panel chair wrote: "The decree simply says the panel considered the evidence and I cannot say there was ever a special instruction when cases have been decided on submissions." (*Id.* ¶ 66.) Defendant responded: "If there is a hearing, it will be a full hearing. If there is a full hearing, I will file several motions relative to the deposition testimony, to the conduct of the panel hearing, and to your panel brief." (*Id.* ¶ 68.) Under Maine law, the unanimous panel findings in favor of Defendant are admissible in the subsequent trial on the medical negligence claim. 24 M.R.S. § 2857.

## DISCUSSION

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton,* 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377 (citation omitted).

Title 28 U.S.C. § 1331 provides: "The district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Title 28 U.S.C. § 1332 provides in relevant part, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between …. citizens of different States." 28 U.S.C. § 1332(a)(1).

Plaintiff's claims of medical negligence and informed consent arise under Maine law, not federal law, and thus are not within the Court's federal question jurisdiction. In addition, Plaintiff has not asserted any facts within the Court's diversity jurisdiction. The issue, therefore, is whether Plaintiff's request for declaratory judgment is sufficient to invoke the Court's federal question jurisdiction.

"There is no mechanical test for determining when an action arises under federal law," but "[e]xperience teaches that there are two types of actions that fall within the [bounds] of federal question jurisdiction." *Rhode Island Fishermen's All., Inc. v. Rhode Island Dep't Of Envtl. Mgmt.*, 585 F.3d 42, 47 – 48 (1st Cir. 2009) (internal modifications and quotation marks omitted). First, "a court has federal question jurisdiction where federal law creates the cause of action and provides the rules of decision." *Ortiz-Espinosa v. BBVA Sec. of Puerto Rico,*

*Inc.*, 852 F.3d 36, 45 (1st Cir. 2017). "The second (and far more rare) category involves embedded federal questions; that is, suits in which the plaintiff pleads a state-law cause of action, but that cause of action 'necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Rhode Island Fishermen's All.*, 585 F.3d at 48 (quoting *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

In either type of case, there remains an overriding requirement that the federal claim or issue appear on the face of 'a well [i.e., properly] pleaded complaint . . . .'" *Penobscot Nation v. Georgia-Pac. Corp.*, 254 F.3d 317, 321 (1st Cir. 2001). "A defense that raises a federal question is inadequate to confer federal jurisdiction," *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908)). When a party seeks declaratory judgment defensively, courts recast that complaint into its theoretical offensive version because "the restriction cannot be avoided by having the beneficiary of the defense assert the defense preemptively in a claim for declaratory or injunctive relief." *Penobscot Nation*, 254 F.3d at 321; *see also Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 – 74 (1950).

Plaintiff maintains federal law is implicated based on her contention that the panel chair's decisions are so contrary to law to constitute a due process violation under the Fourteenth Amendment to the United States Constitution. The assertion is the basis of Plaintiff's request for declaratory judgment, which request is Plaintiff's attempt to avoid an

eventual due process violation – i.e., the introduction at trial of the panel findings.[2] In other words, in response to Defendant's anticipated effort to introduce the result of the panel process into evidence on her malpractice claim, Plaintiff seeks a declaratory judgment that the panel process violated her due process rights.

As the Supreme Court wrote in *Skelly Oil*: "'[T]he operation of the Declaratory Judgment Act is procedural only.' (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937)). Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction." 339 U.S. at 671. "*Skelly Oil* has come to stand for the proposition that if, but for the availability of the declaratory judgment procedure, the federal claim would arise only as a defense to a state created action, jurisdiction is lacking." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for So. Cal.*, 463 U.S. 1, 16 (1983). (citations and internal quotations omitted).

Here, Plaintiff asserts a claim for declaratory judgment in response to Defendant's anticipated proffer of the panel findings as evidence in the trial on Plaintiff's state law claims. In other words, through her request for declaratory judgment, Plaintiff asserts her opposition to Plaintiff's expected attempt to use the panel findings as evidence, as permitted by Maine law, at the trial on Plaintiff's state law malpractice claim. Under the principle articulated in *Skelly Oil*, Plaintiff cannot use the declaratory judgment procedure to convert what is otherwise

---

[2] In her complaint, Plaintiff asserts: "Plaintiff anticipates that Defendant will seek to introduce these unanimous Panel findings to the jury at the trial of this matter," and that the "[i]ntroduction of such highly prejudicial Panel findings, especially where Plaintiff did not have a full opportunity to introduce evidence and cross examine witness, would violate Plaintiff's constitutional right to a jury trial as well as due process." (Complaint ¶¶ 125, 126, 128).

a state law claim into a federal claim based on a potential objection to evidence that might be offered at the trial on the state law claim.[3] Plaintiff, therefore, has not asserted a claim within this Court's subject matter jurisdiction. Dismissal, therefore, is warranted.[4]

## CONCLUSION

Based on the foregoing analysis, the Court grants Defendant's motion to dismiss. The matter shall be dismissed without prejudice.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 2nd day of May, 2019.

---

[3] The Maine Law Court has specifically recognized a party's ability to challenge the admissibility of the panel findings in state court malpractice actions. *See Estate of Nickerson v. Carter*, 2014 ME 19, ¶¶ 22-24, 86 A.3d 658, 663 ("the proper procedure is to challenge the admissibility of the panel's findings during the subsequent medical malpractice action").

[4] Plaintiff also contends the Court should exercise its supplemental jurisdiction over state court claims in part based on the discrimination claim Plaintiff has asserted against Defendant in the matter captioned *Cutting v. Down East Orthopedic Associates, P.A.*, No. 1:16-cv-00582-JCN. By order of even date, the Court granted summary judgment in favor of Defendant on Plaintiff's discrimination claim.